UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON AUTISM ALLIANCE AND ADVOCACY, a Washington nonprofit corporation; R.L. by and through his mother and next friend Michelle Chappon; D.S. by and through his mother and next friend Georgina Simons; J.N. by and through his mother and next friend Tiffany Byrd; <br><br> Plaintiffs, <br> vs. <br><br> DOUGLAS PORTER, in his official capacity as Director of the Washington State Health Care Authority, <br><br> Defendant. | No. <br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

I. PRELIMINARY STATEMENT

1. R.L., D.S., and J.N. are three young boys with autism who receive Medicaid as their sole source of medical insurance. Autism significantly impairs their social and intellectual development and creates challenging and destructive behaviors, including screaming, biting and attacking caregivers, and a lack of social reciprocity. Fortunately, many of these problems are treatable through the provision of Applied Behavioral Analysis therapy (ABA). ABA therapy provides intensive, one-to-one therapeutic treatment that, when used early in life, creates the best

COMPLAINT- 1 OF 25
NO.

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

hope for a child with autism to prevent further delay in their development and restore the child to their best functional level. It is the standard of care for children with autism and medical professionals—medical doctors, neurologists, and psychologists—routinely prescribe it. However, R.L., D.S., and J.N. and other children like them, are unable to obtain this treatment with their primary medical insurance, Medicaid.

2. The Washington State Health Care Authority (HCA) is the single state agency responsible for administering Washington State's Medicaid program, of which the Defendant is the Director. Through its inaction and refusal to arrange for ABA therapy for children with autism, Defendant has failed to meet its federal mandate to arrange medically necessary care for children with autism; failed to make ABA therapy available to children with autism; failed to provide due process of law to children denied this medically necessary therapy; and failed to arrange for intensive, in-home ABA therapy in a reasonably prompt manner.

3. Parents of children with autism routinely ask HCA to arrange for ABA therapy. HCA tells the parents to locate providers, screen them for suitability, create a treatment plan, and undergo duplicative evaluations. Parents then cannot find Medicaid-contracted providers of intensive, in-home therapy, are told that Medicaid does not pay for ABA therapy, and ultimately give up. HCA neither approves nor denies the treatment, leaving these parents in limbo and wondering whether their child will ever receive the therapy they need.

4. Congress has decided that children with Medicaid should receive the broadest coverage of treatments available under the Medicaid Act. The Early and Periodic Screening Diagnosis and Treatment (EPSDT) benefit requires that all services—including behavioral health services—necessary to correct or ameliorate a physical or mental condition must be covered for beneficiaries under age 21. Under EPSDT, HCA has a mandate to arrange for these children to

COMPLAINT- 2 OF 25
NO.

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

receive all medically necessary treatment recommended by the child's provider, in a reasonably prompt period of time.

5. By failing to arrange for this care, enlist providers who can implement the therapy, and meet Plaintiffs' needs in a reasonably prompt manner, HCA has failed to live up to the promise of EPSDT—namely, that children will live lives as free of disability as possible through the provision of quality, evidence-based treatment.

6. Plaintiffs seek declaratory and injunctive relief to enjoin Defendant from continuing to deny these medically necessary behavioral health services in violation of Medicaid law.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1331, because this action arises under the laws of the United States, and 28 U.S.C. § 1343 (3), (4) which confer original jurisdiction on the federal district courts for all claims asserted under 42 U.S.C. § 1983 to redress deprivations of rights, privileges, or immunities guaranteed by Acts of Congress and the United States Constitution.

8. Plaintiff seeks declaratory, injunctive, and other appropriate relief pursuant to 42 U.S.C. §1396a, 42 U.S.C. § 1983, 42 U.S.C. §§ 2201, 2202, and Fed. R. Civ. P. 57 and 65.

9. Venue lies properly in this District pursuant to 28 U.S.C. § 1391 (b). A substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in King County, Washington, and the Defendant does business in King County and the Western District of Washington.

COMPLAINT- 3 OF 25
NO.

**Northwest Justice Project**
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

## III. PARTIES

10. R.L. is a six-year old boy who lives in Redmond, Washington. R.L.'s mother, Michelle Chappon, lives with him. Because he is a low-income child with a disability, R.L. is a recipient of Supplemental Security Income and Medicaid.

11. D.S. is a four-year old boy who lives in Sedro-Woolley, Washington. D.S.'s mother, Georgina Simons, lives with him. Because he is a low-income child with a disability, D.S. is a recipient of Supplemental Security Income and Medicaid.

12. J.N. is a four-year old boy who lives in Seattle, Washington. J.N.'s mother, Tiffany Byrd, lives with him. Because he is a low-income child with a disability, J.N. is a recipient of Supplemental Security Income and Medicaid.

13. Washington Autism Alliance and Advocacy (WAA) is a nonprofit corporation formed under the laws of the state of Washington that operates in King County, Washington and throughout the state of Washington. WAA is a membership organization with a board of directors, and has a primary purpose of advocating for its members and other children in Washington with autism to receive evidence-based treatments that are reimbursed by Medicaid.

14. Defendant Porter is the Director of the Washington State Health Care Authority (HCA), which administers Washington's Medicaid program. As such, he has the duty to ensure that Medicaid programs within the state of Washington are administered in accordance with federal Medicaid law. Defendant Porter is sued in his official capacity only, as Director of HCA. All acts alleged to have been taken by Defendant Porter or HCA were taken under color of state law.

15. HCA is the single state agency responsible for ensuring that health services are provided to eligible Washington residents in compliance with federal Medicaid law.

COMPLAINT- 4 OF 25
NO.

IV. FACTS

A.  Autism and ABA Therapy

16. Autism is one of five disorders falling under the umbrella of Pervasive Developmental Disorders, a category of neurodevelopmental disorders referenced in the Diagnostic and Statistical Manual of Mental Disorders ("DSM IV TR"). This includes the disorders commonly diagnosed as autism, Asperger's Disorder, Rett Syndrome, Childhood Disintegrative Disorder, and PDD – Not Otherwise Specified (PDD-NOS).

17.  Autism is a complex neurodevelopmental disability that by definition appears during the first three years of life. It impacts a child's development across several domains, including communication and social interaction.

18.  Extensively researched and commonly utilized, ABA therapy is widely believed to be the safest and most effective evidence-based approach to treating autism and maladaptive behaviors associated with autism.

19. ABA therapy uses intensive, or one-to-one, therapeutic interaction that reduces maladaptive behavior in children with autism by rewarding and reinforcing positive behaviors.

20. To be effective, ABA therapy must be applied across time and natural environments to address challenging behaviors and delays in the places where they occur, such as the child's home. Supervision of the therapy program may occur by a provider in a clinic setting, but the bulk of the therapy must be provided in the child's natural environment to be effective.

21. Several models of ABA therapy have been developed, such as the Early Start Denver Model, and been proven more effective in treating autism and improving functional outcomes than any other treatment.

22. Substantial scientific evidence supports the efficacy and safety of ABA therapy.

**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519  Fax: (206) 624-7501**

B.  Plaintiff R.L.

23. R.L. is a six-year old boy with autism.

24. Due to his disabling condition and the fact that he is low-income, R.L. receives SSI.

25. He also receives Medicaid under Title XVI of the Social Security Act that provides Medicaid coverage to SSI recipients. Medicaid is R.L.'s only health care coverage.

26. R.L. has many developmental delays and functional impairments related to autism. He limits his diet to only a few food choices; he is unable to observe social cues; he is not able to initiate or sustain a conversation with same-age peers; and his abilities to care for himself in hygiene and toileting is significantly impaired compared to same-age peers.

27. During R.L.'s routine 15 month EPSDT screening, his mother expressed concerns about his developmental delays.

28. At R.L.'s routine 18 month EPSDT screening, his primary care provider referred him to Dr. Gary Stobbe, a neurologist and autism specialist, for an autism evaluation.

29. In July 2008 Dr. Stobbe diagnosed R.L. with autism. He recommended at least 15 hours per week of intensive ABA therapy to treat the impacts and delays attributable to R.L.'s autism.

30. Dr. Stobbe was a licensed and qualified medical doctor acting within the scope of his practice when he examined, diagnosed, or made treatment recommendations for R.L.

31. R.L. later went to the Seattle Children's Hospital Autism Center for a behavioral management evaluation, where ABA therapy was again discussed. His mother was advised at that time by R.L.'s behavior management provider that he did not believe that Medicaid would pay for intensive, in-home ABA therapy.

32. R.L.'s mother sent Defendant a request on November 29, 2011 asking for intensive in-home ABA therapy. The request included copies of R.L.'s EPSDT screening forms

COMPLAINT- 6 OF 25
NO.

recommending ABA therapy and a letter of medical necessity from Dr. Stobbe recommending one-to-one intensive ABA therapy.

33. Defendant subsequently communicated with R.L.'s mother by email, informing her that she would need to take R.L. to Seattle Children's Hospital Autism Center for an evaluation for ABA therapy.

34. R.L.'s mother responded that R.L. was already seen at the Autism Center, had already completed a consultation for ABA therapy, and that ABA was recommended by his provider there.

35. HCA responded on December 15, 2011 that "normally in home ABA therapy is not covered" and "there is lots of ABA therapy in the facility that is covered but in home can be a bit of a problem."

36. On January 9, 2012 HCA promised to look into the matter further and asked R.L.'s mother for her patience while they responded to her request.

37. R.L.'s mother contacted Defendant again on March 31, 2012, informing HCA staff that she had not heard back about her request since Defendant's last email on January 9, 2012 promising to look into the matter further.

38. Defendant contacted R.L.'s mother, through HCA employee Gail Kreiger. Ms. Kreiger informed R.L.'s mother that HCA was thinking about how to provide this therapy, that they sent out an email to see which providers might provide it, and sent R.L.'s mother a computer-generated list of approximately 180 providers or hospital centers with Medicaid Core Provider Agreements in King County without any indication of whether those providers could or would provide ABA therapy. Defendant advised R.L.'s mother to "keep in touch".

39. Defendant did not identify a provider for R.L., did not arrange for R.L. to receive

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

services, and did not send R.L. a notice that it was denying his request for medically necessary services.

40. To date, HCA has not arranged for R.L.'s therapy; has not taken any other action to provide it "reasonably promptly"; and has not informed R.L. of his rights to contest a denial of his medically necessary ABA therapy.

C.   Plaintiff D.S.

41. D.S. is a four-year-old boy diagnosed with autism. He lives with his mother in Sedro Woolley, Washington.

42. Due to his disabling condition and his parents' lack of income, D.S. receives SSI.

43. He also receives Medicaid under Title XVI of the Social Security Act that provides Medicaid coverage to SSI recipients. Medicaid is D.S.'s only health care insurance.

44. D.S.'s ability to socialize with others is significantly impaired; he is not able to express an interest in other people; he does not observe social cues; he screams and is physically aggressive to his caregivers; and he cannot verbalize or communicate his needs at an age-appropriate level.

45. D.S.'s primary care doctor referred him to Seattle Children's Autism Center because of her concerns regarding developmental delays which were discovered during D.S.'s routine EPSDT screening.

46. On September 16, 2011 he was diagnosed with autism at the Seattle Children's Hospital Autism Center. The Autism Center recommended that D.S.'s mother pursue ABA therapy.

47. D.S.'s mother was unable to locate a provider of ABA therapy in her community that would provide the service and bill Medicaid for the cost of the care.

48. D.S.'s mother tried to pay a portion of the recommended treatment out-of-pocket, but

**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519  Fax: (206) 624-7501**

could not afford to pay the entire cost of D.S.'s treatment needs.

49. On April 5, 2012, his mother provided D.S.'s records from Seattle Children's Hospital diagnosing his autism and recommending that he receive ABA therapy and made a request for Defendant to arrange for D.S. to receive intensive, in-home ABA therapy.

50. D.S.'s providers diagnosing him with autism and recommending ABA therapy were licensed and qualified medical professionals acting within the scope of their practice under state law when they examined, diagnosed, or made treatment recommendations for D.S.

51. To date, D.S.'s therapy has not been arranged for, HCA has not informed D.S. of its intention to deny the request, and HCA has not informed D.S. of his right to contest a denial of his medically necessary ABA therapy.

D.  Plaintiff J.N.

52. J.N. is a four-year-old boy diagnosed with autism. He lives with his mother in Seattle, Washington.

53. Due to his disabling condition and his parents' lack of income, J.N. receives SSI.

54. He also receives Medicaid under Title XVI of the Social Security Act that provides Medicaid coverage to SSI recipients. Medicaid is J.N.'s only health care insurance.

55. J.N.'s doctors diagnosed him with autism when he was two years old. As a result of having autism, J.N. experiences communication impairments and many maladaptive behaviors including significant episodes of biting and attacking caregivers, screaming and reacting negatively to unfamiliar people and situations, social anxiety, and insomnia.

56. When J.N. was two years old his primary care provider, Dr. William Moore, completed a routine EPSDT screening and referred J.N. to the Boyer Children's Clinic for early intervention services.

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

57. On July 26, 2011, Dr. Anne Leavitt examined J.N. at Boyer Children's Clinic, diagnosed him with autism, and recommended ABA therapy for J.N.

58. Both Drs. Moore and Leavitt were licensed and qualified medical doctors acting within the scope of their practice when they examined, diagnosed, or made treatment recommendations for J.N.

59. After receiving J.N.'s prescription for ABA therapy, his mother attempted to arrange for ABA therapy for J.N. She found no provider of intensive in-home ABA therapy that was approved by the state Medicaid agency or who could bill Medicaid for the service. She was told by the providers that Medicaid does not cover ABA. She did not receive any written notice from HCA that coverage for services was denied.

60. Unable to obtain these services through J.N.'s Medicaid coverage, Ms. Byrd paid privately for the therapy until she could no longer afford to do so.

61. On November 14, 2011, through counsel, Ms. Byrd sent a letter to HCA and the Division of Developmental Disabilities (DDD), requesting that the state arrange for the provision of ABA therapy to J.N. pursuant to the EPSDT mandate and J.N.'s demonstrated need for the medically necessary service.

62. DDD responded on December 22, 2011 that it would refer the matter to HCA's attorneys.

63. HCA employee Gail Kreiger responded, requesting more information to support the request for the service. Several email communications were exchanged with further information on the request.

64. Hearing nothing, Plaintiffs' counsel requested on February 13, 2012 that HCA decide whether it would arrange for J.N.'s medically necessary services.

65. On February 17, 2012, HCA responded that it was referring J.N. to Seattle Children's

COMPLAINT- 10 OF 25
NO.

**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519  Fax: (206) 624-7501**

Autism Clinic for an evaluation for ABA therapy. HCA further provided J.N.'s mother with a computer-generated list of approximately 247 providers, entities, or hospital centers with Medicaid Core Provider Agreements in King County without any indication of whether those providers could or would provide ABA therapy.

66. Plaintiffs discovered that the waitlist for new Medicaid patients to receive a treatment recommendation at Seattle Children's Autism Center is six to nine months.

67. On March 2, 2012 Ms. Byrd specifically requested that HCA contract with qualified, licensed providers to provide ABA therapy to J.N. and provided the names and contact information for three qualified, licensed providers.

68. HCA refused this request and again referred J.N. to Seattle Children's Autism Center, which scheduled J.N. for an appointment for treatment recommendations. Seattle Children's Autism Center will not provide intensive, in-home ABA therapy to J.N.

69. Defendant's response stated that Seattle Children's would "explore a range of possible treatments that may include ABA techniques in a clinic or group-based setting." The response did not include intensive in-home ABA therapy as a possible treatment.

70. To date, J.N. has not received the requested therapy and HCA has not informed J.N. that he has been denied the requested therapy, or of his rights to contest a denial of ABA therapy.

E. Plaintiff Washington Autism Alliance and Advocacy

71. Washington Autism Alliance and Advocacy (WAA) is a membership group, formed as a nonprofit in Washington State.

72. WAA has approximately 1200 members, approximately 46 percent of whom receive Medicaid or other state-purchased healthcare.

73. One of WAA's primary purposes is to obtain full coverage for medically necessary

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

services for children with autism under the Washington State Medicaid program.

74. Plaintiffs D.S. and R.L. and their guardians are members of WAA.

75. Members of Plaintiff WAA are unable to locate or receive services from providers of in-home ABA therapy throughout the state of Washington because there are no available, enrolled Medicaid providers of the service.

## V. STATUTORY AND REGULATORY FRAMEWORK

A.  The Medicaid Act Requires Coverage of Intensive In-home ABA Therapy

76. The Medicaid program is a federal and state program that provides health care services to specified categories of individuals meeting income and other criteria. 42 U.S.C. §§ 1396-1396v. States are not required to participate in Medicaid. If a state chooses to participate however, it must comply with federal requirements. The purpose of the Medicaid Act is to enable States to furnish services that help the poorest families and disabled persons "attain or retain capability for independence or self-care." *See* 42 U.S.C. §1396-1.

77. Washington participates in the Medicaid program.

78. The Medicaid Act includes certain mandatory and optional coverage groups. 42 U.S.C. §§ 1396a(a)(10).

79. The mandatory coverage groups include children in very low-income families as well as very low-income persons who receive Supplemental Security Income (SSI) because they are aged, blind, or disabled. These individuals are also referred to as "categorically needy." 42 U.S.C. § 1396a(a)(10)(i).

80. The Medicaid Act requires that the state "shall provide for making medical assistance available …." 42 U.S.C. § 1396a(a)(10)(A).

**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519  Fax: (206) 624-7501**

81. The Medicaid Act requires that the state shall provide services with "reasonable promptness". 42 U.S.C. § 1396a(a)(8).

82. The Medicaid Act includes mandatory and optional categories of services, all of which are listed at 42 U.S.C. § 1396d(a).

83. Services which must be provided to categorically needy children (such as the Plaintiffs R.L., D.S., and J.N.) include screening and treatment pursuant to the Early and Periodic Screening, Diagnosis and Treatment (EPSDT) program. The statutory requirements for EPSDT services are found at 42 U.S.C. § 1396a(a)(43); 42 U.S.C. § 1396d(a)(4)(B); and 42 U.S.C. § 1396d(r).

84. Defendant must inform all children eligible for medical assistance through HCA of the availability of the EPSDT program to treat their children's health care needs, and this must be effective to apprise Medicaid-eligible persons of the availability of treatments for their identified healthcare needs.

85. To serve the goal of reducing or eliminating treatable childhood illnesses or conditions, the EPSDT mandate requires that the state must "arrang[e] for (directly or through referral to appropriate agencies, organizations, or individuals) corrective treatment the need for which is disclosed by such child health screening services …." 42 U.S.C. §1396a(43)(C).

86. Any interaction by a Medicaid-eligible child with a licensed provider practicing within the scope of their practice is a "screening" for purposes of EPSDT.

87. The definition of EPSDT found at 42 U.S.C. § 1396d(r) describes the screening, vision, dental, hearing and treatment services that must be provided, and requires that these services include "such other necessary health care, diagnostics services, treatment, and other measures described in subsection (a) of this section [1396d] to correct or ameliorate defects and physical

COMPLAINT- 13 OF 25
NO.

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

and mental illnesses and conditions discovered by the screening services whether or not such services are covered under the State plan." 42 U.S.C. § 1396d(r)(5).

88. Included in the list of medical assistance under the Act is a provision for preventative and rehabilitative services. 42 U.S.C. § 1396d(a)(13). This provides for "other diagnostic, screening, preventative, and rehabilitative services, including any medical or remedial services (provided in a facility, a home, or other setting) recommended by a physician or other licensed practitioner of the healing arts within the scope of their practice under State law, for the maximum reduction of physical or mental disability and restoration of an individual to the best possible functional level."

89. Rehabilitative services are further defined at 42 C.F.R. § 440.130(d). Rehabilitative services can be provided by a paraprofessional under the guidance of a licensed healthcare provider's treatment plan.

90. In-home behavioral health services provided by any person qualified to implement ABA therapy is a type of medically necessary service which must be covered under §1396d(a)(13) and 42 C.F.R. § 440.130(d).

91. Defendant also is authorized through a §1915(b) waiver to provide intensive mental health and behavioral therapies to Medicaid-eligible children through the Regional Support Networks (RSNs), which are groups of providers of mental health therapy in Washington State.

92. This arrangement is authorized under a Medicaid §1915(b) waiver, which "waives" certain requirements of the Medicaid Act concerning a recipient's ability to use the provider of his or her choice.

93. By its own written policy, Defendant specifically excludes people with autism from receiving treatment for autism from the RSNs under the §1915(b) waiver.

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

94. Washington State also provides services to people with autism through the Division of Developmental Disabilities Home and Community-Based Services Waiver program ("DDD Waiver" or "waiver"). One such waiver, which utilizes Medicaid funding, is the Children's Intensive In-home Behavioral Support (CIIBS) waiver.

95. People with autism, between the ages of 8 and 17, and who are eligible for DDD may also be eligible for services that resemble intensive, in-home ABA therapy from DDD, but must endure a waitlist because the CIIBS waiver program, while using Medicaid funding, has a capped enrollment.

96. DDD offers intensive in-home ABA therapy through the CIIBS waiver by contracting with providers of ABA therapy, and uses Medicaid funding to provide these services.

97. Defendant does not contract with these same providers to serve Medicaid-eligible children not enrolled in the waiver.

B. Defendant's Actions and Inactions have Denied Plaintiffs Access to ABA Therapy

98. Plaintiffs R.L., D.S., and J.N. have had licensed providers acting within the scope of their practice recommend ABA therapy as a medically necessary therapeutic, preventative, or rehabilitative treatment.

99. ABA therapy is reasonably calculated to correct or ameliorate the impact of autism on Plaintiffs R.L., D.S., and J.N. and to reduce their functional impairments and restore functioning lost to developmental delays associated with autism.

100. There are no other treatments that are equally effective and substantially less costly than intensive, in-home ABA therapy for children with autism like Plaintiffs.

101. Intensive, in-home ABA therapy is most effective when it is provided early in a child's life.

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

102. Seattle Children's Hospital Autism Center does not provide intensive, in-home ABA therapy.

103. To date, no ABA therapy been arranged by HCA for Plaintiffs R.L., D.S., and J.N.

104. Upon information and belief, Defendant intends to deny coverage for intensive, in-home ABA therapy for Medicaid-eligible children with autism but does not inform Medicaid-eligible children of this decision.

105. Defendant's failure to promptly arrange for or provide medically necessary care constitutes a constructive denial of medical assistance.

106. Defendant has a policy or practice of refusing to arrange for intensive, in-home ABA therapy to be provided to children with autism under the Medicaid fee-for-service program.

107. On or around September 11, 2011 Defendant imposed restrictive coverage limitations on ABA therapy for any state-purchased healthcare program, including Medicaid, through its Health Technology Assessment (HTA) program. Defendant proposed to extend coverage to ABA therapy only under the condition that the recipient participate in a controlled experimental study to determine the efficacy of ABA therapy. Upon information and belief, many Medicaid recipients participating in such a study would be randomly assigned to the control group and thus would not receive ABA therapy.

108. Defendant's HTA report of ABA therapy concluded that "no Washington State agency covers ABA therapy for Autism."

109. There is no approved experimental study currently available under which a Medicaid-eligible child would be guaranteed to receive ABA therapy pursuant to Defendant's policy.

110. By not receiving ABA therapy in a timely manner, Plaintiffs have been and continue to be denied the ability to improve their functioning to its best possible level and to achieve the

**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519  Fax: (206) 624-7501**

greatest level of functional independence available to them.

111. Upon information and belief, Defendant has a policy or practice of refusing to allow ABA therapy to be provided to children with autism by paraprofessionals supervised by licensed healthcare professionals or agencies under the Medicaid fee-for-service program.

112. Defendant has failed, through a combination of inadequate effort and inadequate reimbursement, to contract with providers to meet Plaintiffs need for intensive, in-home ABA therapy, and Defendant cannot identify any person or entity capable of providing the requested ABA therapy.

113. Defendant has failed to make intensive, in-home ABA therapy available to Plaintiffs in a reasonably prompt timeframe.

114. Plaintiffs are irreparably harmed by HCA's failure to arrange for or make ABA therapy available in a timely manner, because ABA is most effective when implemented early in life.

115. WAA has members or has members with children who have been unable to obtain ABA therapy from Medicaid-contracted providers, or to have Defendant arrange for ABA therapy.

116. Defendant has failed to inform Plaintiffs and persons represented by Plaintiff WAA of their rights to these medically necessary services as a benefit under the EPSDT mandate of the Medicaid Act.

117. Defendant has failed to inform Plaintiffs and persons represented by Plaintiff WAA of their rights to procedural due process for Defendant's denial of their request for service.

## VII. IRREPARABLE HARM

118. Plaintiffs and persons represented by Plaintiff WAA are irreparably harmed by Defendant's failure to arrange for ABA therapy, make medical assistance available, and provide

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

adequate notice to contest Defendant's decision.

119. ABA therapy provides the most benefit to a child when provided at a young age.

120. Children that receive ABA therapy may make such substantial gains that they are able to be integrated into general education environments, utilize fewer medical and mental health services, and generally reach developmental milestones sooner.

121. By not receiving ABA therapy, Plaintiffs and persons represented by Plaintiff WAA are unable to mitigate the impact of their disability, restore lost function, or improve their functional abilities to the best possible level. They continue to struggle with maladaptive behaviors that socially isolate the Plaintiffs and cause harm to their parent caregivers.

122. By not receiving adequate and timely notice about HCA's intent to deny their medically necessary ABA therapy, Plaintiffs and persons represented by Plaintiff WAA are not able to assert their rights to medical assistance under Title XIX of the Social Security Act or contest HCA's actions as Plaintiffs may see fit.

VIII. CLAIMS FOR RELIEF

A.  FIRST CLAIM FOR RELIEF: VIOLATION OF 42 U.S.C. §1396a(a)(43)

123. Plaintiff incorporates and re-alleges paragraphs 1-122 above.

124. Under color of state law, Defendant has engaged in a custom, policy, or practice of not arranging for medically necessary EPSDT services for children with autism so that they may receive intensive, in-home ABA therapy that would treat or ameliorate their physical or mental disabilities resulting from autism.

125. Defendant has failed to arrange for intensive in-home ABA therapy for Plaintiffs R.L., D.S., and J.N.

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

126. Defendant has failed to arrange for ABA therapy for Plaintiff J.N. by referring J.N. to a provider who does not provide the requested service and limiting the scope of treatment that J.N. may receive to exclude intensive, in-home therapy, in violation of the federal EPSDT mandate that requires Defendant to provide any medically necessary treatment recommended by a licensed provider.

127. Defendant has failed to arrange for medically necessary EPSDT services for Plaintiffs and persons represented by Plaintiff WAA because Defendant does not identify and/or contract with providers capable of providing ABA therapy, in the amount and scope requested, to Plaintiffs.

128. Defendant has failed to inform Plaintiffs and persons represented by Plaintiff WAA of the availability of intensive, in-home ABA therapy as a treatment option under the EPSDT benefit mandate, and Defendant has actively frustrated this mandate by advertising that "no Washington State agency covers ABA therapy for Autism."

129. Defendant's actions deprive Plaintiffs and persons represented by Plaintiff WAA of rights, privileges, or immunities secured to them by the United States Constitution or federal statutes or regulations in violation of 42 U.S.C. § 1983.

### B.   SECOND CLAIM FOR RELIEF: VIOLATION OF 42 U.S.C. §1396a(a)(10)

130. Plaintiff incorporates and re-alleges paragraphs 1-122 above.

131. Under color of state law the Defendant has engaged in a custom, policy, or practice of failing to enlist qualified providers to make available Plaintiffs' medically necessary ABA therapy and for persons represented by Plaintiff WAA.

132. Defendant's custom, policy, or practice frustrates and violates the Medicaid Act's availability provision, 42 U.S.C. § 1396a(a)(10)(A) and Plaintiffs' rights to any medically

COMPLAINT- 19 OF 25
NO.

**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519  Fax: (206) 624-7501**

necessary treatments under the EPSDT provisions of 42 U.S.C. §1396a(a)(43).

133. Defendant's actions deprive Plaintiffs of rights, privileges, or immunities secured to them by the United States Constitution or federal statutes or regulations in violation of 42 U.S.C. § 1983.

### C.   THIRD CLAIM FOR RELIEF: VIOLATION OF 42 U.S.C. §1396a(a)(8)

134. Plaintiff incorporates and re-alleges paragraphs 1-122 above.

135. Under color of state law, the Defendant has failed to make medical assistance available reasonably promptly to Plaintiffs R.L., D.S., and J.N, and to persons represented by Plaintiff WAA that would provide treatment for autism, in violation of 42 U.S.C. §1396a(a)(8).

136. Defendant's actions deprive Plaintiffs of rights, privileges, or immunities secured by the United States Constitution or federal statutes or regulations in violation of 42 U.S.C. §1983.

### D.   FOURTH CLAIM FOR RELIEF: VIOLATION OF 42 U.S.C. §1396a(a)(10)(b)

137. Plaintiff incorporates and re-alleges paragraphs 1-122 above.

138. Under color of state law, the Defendant has engaged in a custom, policy, or practice of excluding from coverage in the Medicaid fee-for-service program intensive in-home behavioral health care for children with autism in violation of 42 U.S.C. § 1396a(a)(10)(b) and Plaintiffs' rights to treatment under the EPSDT provisions of 42 U.S.C. §1396a(a)(43).

139. Defendant's actions deprive Plaintiff J.N. and persons represented by Plaintiff WAA of rights, privileges, or immunities secured to them by the United States Constitution or federal statutes or regulations in violation of 42 U.S.C. § 1983.

### E.   FIFTH CLAIM FOR RELIEF: VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

140. Plaintiff incorporates and realleges paragraphs 1-122 above.

141. Under color of state law, the Defendant has engaged in a custom, policy, or practice of

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

failing to provide due process of law to persons whom Defendant intends to deny coverage of ABA therapy by failing to adequately notify them that it intends to deny coverage for a Medicaid service.

142. Because of Defendant's failure to issue notice informing Plaintiff of the denial of their service, Plaintiffs cannot assert their rights in a fair hearing for deprivation of a medically necessary benefit.

143. Defendant's actions deprive Plaintiffs and persons represented by Plaintiff WAA of rights, privileges, or immunities secured to them by the United States Constitution in violation of 42 U.S.C. § 1983.

### F.    SIXTH CLAIM FOR RELIEF: VIOLATION OF THE DUE PROCESS PROVISIONS OF THE FEDERAL MEDICAID ACT, 42 U.S.C. §1396a(3)

144. Plaintiff incorporates and realleges paragraphs 1-122 above.

145. Under color of state law, the Defendant has engaged in a custom, policy, or practice of failing to provide due process of law to persons such as the Plaintiffs to whom Defendant intends to deny coverage of ABA therapy by failing to adequately notify them that it intends to deny coverage for a Medicaid service, and in failing to grant them a right to a hearing to dispute the denial as required by 42 U.S.C. §1396a(3).

146. Defendant further fails to grant Plaintiffs due process because Defendant does not grant Plaintiffs adequate notice and an opportunity for hearing when Defendant fails to arrange for medically necessary care pursuant to the EPSDT mandate.

147. Defendant's actions deprive Plaintiffs and persons represented by Plaintiff WAA of rights, privileges, or immunities secured to them by the United States Constitution or federal statutes or regulations in violation of 42 U.S.C. § 1983.

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

IX. REQUISITES FOR RELIEF

148. Pursuant to the factual allegations set forth above, an actual controversy has arisen and continues to exist between Plaintiffs and the Defendant. Plaintiffs allege that their rights under the Constitution and the laws of the United States are being violated and that Defendant is responsible for enforcing and complying with those laws. This Court's declaratory relief is therefore necessary and appropriate.

149. Defendant's failure to comply with the laws and Constitution of the United States has resulted in and continues to cause irreparable harm to the Plaintiffs. Plaintiffs have no plain, adequate, or complete remedy at law to address these wrongs. This Court's injunctive relief is necessary and appropriate to restrain the Defendant from further violating Plaintiffs' rights.

X. PRAYER FOR RELIEF

Plaintiffs pray for the following relief:

1. A declaration that intensive in-home behavioral health services utilizing ABA therapy, such as that requested by Plaintiffs, is medical assistance which can be covered under the Medicaid Act;

2. A declaration that any interaction between a Medicaid-eligible child and a licensed healthcare provider acting within the scope of their practice under state law is a screening for purposes of the Early and Periodic Screening Diagnosis and Treatment benefit, and that the provision of EPSDT treatments shall not be delayed because the need for treatment was discovered at a visit other than a periodic screening;

3. A declaration that Defendant has not met its obligations under the federal EPSDT mandate at 42 U.S.C. §1396a(a)(43) due to its failure to arrange for medically necessary ABA therapy for Plaintiffs and other children with autism represented by Plaintiff WAA;

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

4. A declaration that Defendant's policy, practice, or custom to deny intensive, in-home ABA therapy to any Medicaid-eligible child based upon Defendant's Health Technology Assessment program violates the EPSDT mandate at 42 U.S.C. §1396a(43);

5. A declaration that Defendant has not met its obligations under the federal Medicaid Act at 42 U.S.C. §1396a(a)(10) due to its failure to enroll sufficient numbers of providers to make medical assistance available to Plaintiffs and other children with autism seeking ABA therapy;

6. For Plaintiffs R.L., D.S., and J.N., a declaration that Defendant has not met its obligations under the federal Medicaid Act at 42 U.S.C. §1396a(a)(8) due to its failure to provide ABA therapy to Plaintiffs with autism reasonably promptly;

7. A declaration that Defendant has not met its obligation under the federal Medicaid Act to provide or arrange for behavioral health services to Plaintiffs and other children with autism represented by Plaintiff WAA under the EPSDT mandate;

8. A declaration that Defendant has not met its obligation under the federal Medicaid Act's EPSDT mandate to notify all Medicaid-eligible children with autism of their right to receive medically necessary services ordered by their providers—in this case, intensive in-home ABA therapy—and that Defendant's actions in advertising that "no Washington State agency covers ABA therapy for Autism" actively frustrates Defendant's obligation under the EPSDT mandate;

9. A declaration that Defendant has violated Plaintiffs' rights to procedural due process by failing to deny or approve their request for services, and in failing to notify them of their right to contest Defendant's decisions and failure to arrange for medically necessary care, pursuant to the due process protections of the federal Medicaid Act at 42 U.S.C. §1396a(3) and the Fourteenth Amendment to the United States Constitution;

10. Preliminary and permanent injunctive relief directing Defendant to:

COMPLAINT- 23 OF 25
NO.

(a) Arrange for Plaintiffs or persons represented by Plaintiffs to receive medically necessary ABA therapy in an amount, scope, and duration recommended by their providers by referring Plaintiffs or persons represented by Plaintiffs to licensed, qualified providers of ABA therapy;

(b) Contract with sufficient numbers of licensed, qualified providers such that Plaintiffs or persons represented by Plaintiffs may have ABA therapy made available to them, in the amount, scope, and duration recommended by their healthcare providers;

(c) Make medical assistance available to Plaintiffs or persons represented by Plaintiffs in an amount, scope, and duration sufficient to treat their autism;

(d) Make this medical assistance available reasonably promptly, but in no case less than 45 days after a request is made.

(e) Notify Plaintiffs and any Medicaid-eligible child aggrieved by HCA's failure to respond to requests for ABA therapy of their rights to have HCA arrange for medically necessary ABA therapy; of their rights to have a decision on medical necessity made promptly; and of their rights to receive notice of this denial and an opportunity to request an impartial grievance hearing;

(f) Notify Plaintiffs and any Medicaid-eligible child with autism of their right to receive medically necessary ABA therapy under the EPSDT program; and

(g) Prohibiting Defendant from informing providers, clients, or other persons or entities that intensive, in-home ABA therapy is not a covered service for Medicaid-eligible children.

11. Waive the requirement for the posting of any bond or security for the entry of temporary, preliminary, or permanent injunctive relief;

COMPLAINT- 24 OF 25
NO.

**Northwest Justice Project**
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

12. Award the Plaintiffs their costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983 and any other applicable law or regulation;

13. Order such other relief as the Court deems proper or in the interests of justice.

DATED this 26th day of April 2012.

**NORTHWEST JUSTICE PROJECT**


By: s/Scott Crain
Scott Crain, WSBA #37224
By: s/Elizabeth Helm
Elizabeth Helm, WSBA #23840
By: s/Amy Alexander
Amy Alexander, WSBA #44242

Attorneys for Plaintiffs
401 Second Ave. S #407
Seattle, Washington 98104
Telephone 206-464-1519
Email: scottc@nwjustice.org
          bethh@nwjustice.org
          amya@nwjustice.org

COMPLAINT- 25 OF 25
NO.